The Honorable Mike Burris State Representative 2911 Dyer Street Malvern, AR 72104-6188
Dear Representative Burris:
I am writing in response to several follow-up questions you have posed relating to Ops. Att'y Gen. Nos. 2007-174 and 2007-174A, in which you posed the following question:
Would the provision of a stipend to offset expenses and time of First Responders for the Lake Hamilton Fire Protection Association jeopardize the volunteer standing of these RNs, paramedics and EMT's under Arkansas' Good Samaritan law (A.C.A. § 17-95-101)?
As you know, I answered this question "yes."
In your most recent submission, you acknowledge receipt of these earlier opinions and pose the following additional questions:
Are volunteer Emergency Medical Technicians (EMT's) covered under the protections of the "Good Samaritan" Act?
Are EMT's considered "health care professionals["] for the purposes of the "Good Samaritan" Act?
Does the language of Act 1038 of 2007 take precedence over the language contained in Act 683 of 2007?
RESPONSE
I believe the answer to your first question is "yes," although the immunity afforded under the Good Samaritan Act, A.C.A. § 17-95-101
(Repl. 2002), will be qualified in the manner discussed in Ark. Ops. Att'y Gen. Nos. 2007-174 and 2007-174A — i.e., the immunity will not be available to any EMT who receives compensation for his services as a good Samaritan. I believe the answer to your second question is likewise "yes." Given that an EMT will of necessity fall within the definition of "[e]mergency medical technician" set forth at A.C.A. § 20-13-202(10) (Repl. 2005), which is contained within the Emergency Medical Services Act, A.C.A. §§ 20-13-201 through -214 (Repl. 2005 Supp. 2007), he will, in my estimation, qualify as a "health care professional" for purposes of applying the Good Samaritan Act. I believe the answer to your third question is "yes" insofar as Act 1078 of 2007, which was enacted later than Act 683 of 2007 and must consequently prevail in the event of a conflict, affords qualified immunity under the Good Samaritan Act to "[a]ny health care professional," whereas the earlier legislation extended such immunity only to a health care professional "licensed as a physician or surgeon."
Question 1: Are volunteer Emergency Medical Technicians (EMT's) covered under the protections of the "Good Samaritan" Act?
As noted above, I believe the answer to this question is "yes," so long as they are not compensated for their services.
In my opinion, EMT's fall within the terms of the following statutory definition:
"Emergency medical technician" means an individual certified by the division at any level established by the rules and regulations promulgated by the board, as authorized in this subchapter, and authorized to perform those services set forth therein. These shall include, but not be limited to: "EMT", "EMT-A", "EMT-Instructor", "EMT-Paramedic", and "EMS-Communications[.]"
A.C.A. § 20-13-202(10). I believe an individual thus certified by the Division of Health and Human Services as an EMT would clearly qualify as a "health care professional" for purposes of applying the Good Samaritan Act.
As noted in Opinion No. 2007-174A, Act 1078 of 2007 amended A.C.A. § 17-95-101 as follows:
(a) Any person licensed as a physician or surgeon health care professional under the laws of the State of Arkansas or any other person, who, in good faith, lends emergency care or assistance without compensation at the place of an emergency or accident, and who was acting as a reasonable and prudent person would have acted under the circumstances present at the scene at the time the services were rendered, shall not be liable for any civil damages for acts or omissions performed in good faith as long as any act or omission resulting from the rendering of emergency assistance or services was not grossly negligent or willful misconduct.
(b) Any person who is not a physician, surgeon, nurse, or other person trained or skilled in the treatment of medical emergencies health care professional who is present at an emergency or accident scene, and who:
(1) Believes that the life, health, and safety of an injured person or a person who is under imminent threat of danger could be aided by reasonable and accessible emergency procedures under the circumstances existing at the scene thereof;
(2) Proceeds to lend emergency assistance or service in a manner reasonably calculated in good faith to lessen or remove the immediate threat to the life, health, or safety of such a person;
(3) Lends only such emergency care or assistance as a reasonable and prudent person concerned for the immediate protection of the life, health, and safety of the person for whom the services were rendered would lend under the circumstances, shall not be held liable in civil damages in any action in this state for any harm, injury, or death of any such person so long as the person rendering such services acted in good faith and was acting as a reasonable and prudent person would have acted under the circumstances present at the scene at the time the services were rendered act or omission resulting from the rendering of emergency assistance or services unless the act or omission was not in good faith and was the result of gross negligence or willful misconduct.
(Emphases added.)
As I noted of this legislation in Opinion No. 2007-174A:
In my opinion, this amendment is significant primarily in that it substitutes for the term "a physician or surgeon" in subsection (a) the broader term "health care professional." Any first responder who qualifies as a "health care professional" would consequently enjoy qualified immunity for providing emergency care, but only if he did not receive compensation either for his time or expenses, in consideration of his efforts in doing so. See emphasized passage above. Conversely, if the "volunteers" referenced in your question were not deemed "health care professionals" — a conclusion I frankly consider inconsistent with the fact that the volunteers at issue are reportedly "RNs, paramedics and EMTs" — they would nevertheless be afforded qualified immunity for providing emergency care pursuant to subsection (b) of the statute.[1]
I continue to subscribe to this opinion. If an EMT falls within the definition of "emergency medical technician" set forth at A.C.A. §20-13-202(10), and if he further receives no compensation for his services as a first responder, I believe he will be subject to the protections afforded by the Good Samaritan Act.
Question 2: Are EMT's considered "health care professionals["] for the purposes of the "Good Samaritan" Act?
For the reasons expressed in my response to your first question, I believe the answer to this question is "yes."
Question 3: Does the language of Act 1038 of 2007 take precedence over the language contained in Act 683 of 2007?
Given the focus of your previous questions, I assume you are asking whether the reference in Act 1038 to "health care professionals" and the excision in the Act of the more narrow category of "[a]ny person licensed as a physician or surgeon" might serve to broaden the qualified immunity offered under the Good Samaritan Act to the point where it would apply to EMT's. As suggested in my responses to your previous questions, as well as in my response in Opinion No. 2007-174A, I believe the answer to this question is "yes." As noted in my response to your first question, the definition of "emergency medical technician" set forth in A.C.A. § 20-13-202(10), which provides for the certification and monitoring of EMT's by the Division of Health and Human Services, clearly warrants characterizing an EMT as a "health care professional" for purposes of applying the Good Samaritan Act.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] As I noted in a footnoted to this excerpt:In Opinions Nos. 97-060
and 86-606, my predecessors opined that, notwithstanding the fact that subsection (b) does not expressly condition the immunity of untrained emergency care givers on their providing the services without compensation, the context of the statute and its legislative history would suggest that such a condition would apply under subsection (b) as well.